UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE NORTH ATLANTIC STATES
CARPENTERS HEALTH, PENSION, ANNUITY,
APPRENTICESHIP, and LABOR MANAGEMENT
COOPERATION FUNDS,

                            Petitioners,                       **REPORT AND**
                                                                                         **RECOMMENDATION**
           -against-                              CV 21-5104 (GRB)(AYS)

NU WAVE GENERAL CONTRACTING LLC,

                            Respondent.
----------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Before the Court, on referral from the Honorable Gary R. Brown for report and recommendation, is Respondent's letter motion, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the default judgment entered against it on April 15, 2022, which granted Petitioners' motion to confirm an arbitration award issued in its favor and awarded Petitioners' a judgment in the amount of $60,569.31. (Judgment, Docket Entry ("DE") [15].) Petitioners oppose the motion.

## BACKGROUND

       Petitioners are employer and employee trustees of multi-employer, labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1947, 29 U.S.C. § 1002 ("ERISA"). (Petition ¶ 4.) Petitioners filed the within action pursuant to Section 502(a)(3) of ERISA, as amended, 29 U.S.C. § 1132 (a)(3), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an arbitration award rendered on May 28, 2021 (the "Award"), pursuant to a

collective bargaining agreement between the North Atlantic Regional Council of Carpenters (the "Union") and Respondent Nu Wave General Contracting LLC. (Id. ¶ 1.)

Upon Respondent's failure to comply with the Award, Petitioners commenced the within action, seeking to confirm the Award, as well as an award of reasonable attorney's fees and costs. (DE [1].) Respondent was duly served with the Summons and Petition on September 17, 2021. (DE [9].) Respondent failed to appear in this action at any time. By letter dated October 29, 2021, the Funds requested that Judge Brown deem the Petition as an unopposed motion for summary judgment. (DE [10].) Judge Brown thereafter referred the Petition to this Court to report and recommend as to whether the Petition should be granted. (Order of Brown, J., dated Nov. 3, 2021.)

By Report and Recommendation ("R&R") dated March 29, 2022, this Court recommended that the arbitrator's Award be confirmed in the amount of $54,909.52, and that Petitioners be awarded attorney's fees in the amount of $817.50 and costs in the amount of $477.00, for a total monetary award of $56,204.02. This Court further recommended that Petitioners be awarded prejudgment interest at the rate of 0.75% per month, from the date of the Award – May 28, 2021 – through the date of judgment herein. (R&R, DE [13].) Respondent failed to file any objections to the R&R and, on April 14, 2022, the District Court adopted the R&R in its entirety. (Order of Brown, J., dated Apr. 14, 2022.) Judgment was entered in favor of Petitioners on April 15, 2022, in the amount of $60,569.31. (DE [15].)

More than fifteen months later, on August 8, 2023, counsel for Respondent filed a letter motion to vacate the Judgment entered on April 15, 2022. (DE [17].) By Order dated August 14, 2023, Judge Brown referred Respondent's letter motion to this Court for report and recommendation. (Order of Brown, J., dated Aug. 14, 2023.) Petitioners filed their opposition to

2

the within motion on August 25, 2023. (DE [20].)

DISCUSSION

I.    Legal Standard

"Default judgments are generally disfavored as the law prefers decisions based on the merits." Kauhsen v. Aventura Motors, Inc., No. 09-4114, 2010 WL 2301289, at *3 (E.D.N.Y. June 7, 2010) (citing United States v. Cirami, 562 F.2d 26, 33 (2d. Cir. 1977)). Accordingly, a default judgment may be vacated in certain circumstances, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See Kauhsen, 2010 WL 2301289, at *4. A decision whether to vacate a default judgment is left to the sound discretion of the district court. See id. at *3 (citing New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)).

Under Rule 60(b), there are six subsections that may provide a party with relief from a default judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovery evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and, (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (quotation marks, alterations and citations omitted). For this reason, "[r]elief under Rule 60(b) is generally not favored." Insurance Co. of N. Am. v. Public Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2009) (quotation marks and citation omitted).

The burden of demonstrating entitlement to relief under Rule 60(b) rests with the moving party. See Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 84 (S.D.N.Y. 2003). To meet this burden, the moving party must put forth "highly convincing" evidence, must "show

3

good cause for the failure to act sooner," and there must not be any "undue hardship . . . imposed on other parties." Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987). "An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief . . ., nor does the failure to interpose a defense that could have been presented earlier . . . ." Paddington Ptrs. v. Bouchard, 34 F.3d 1132, 1147 (2d Cir. 1994) (citations omitted).

In determining whether to set aside a default judgment, the court should weigh the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 90, 96 (2d Cir. 2001) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)).

II.     Disposition of the Motion

Respondent asserts that its default herein was not willful and denies having received any service of process for either the underlying arbitration or this action. (DE [17] at 1.) According to Respondent, once it learned of these proceedings, it retained an attorney and moved for the instant relief in a matter of days. (Id. at 1-2.) Respondent further argues that vacating the default judgment entered herein would not prejudice the Petitioners because there is no loss of evidence, any increased difficulty in discovery, or any opportunity for fraud or collusion. (Id. at 2.) Finally, Respondent asserts that it has a clear defense that would have been successful in the underlying arbitration had Respondent had notice. (Id.)

Of the three criteria a court considers in determining whether to vacate a default judgment, "'willfulness is preeminent, and a willful default will not normally be set aside.'" Arista Records, Inc. v. Musemeci, No. 03 CV 4465, 2007 WL 3124545, at *4 (E.D.N.Y. Sept.

4

18, 2007), adopted by, 207 WL 3145861, at *1 (E.D.N.Y. Oct. 25, 2007) (quoting MacEwen Petroleum, Inc. v. Tarbell, 173 F.R.D. 36, 39 (N.D.N.Y. 1997)). Where a party was properly served with a summons and complaint and fails to answer or otherwise respond thereto, the default will be deemed willful. See Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc., No. 17-CV-5001, 2020 WL 6390162, at *5 (E.D.N.Y. Nov. 2, 2020) (citing cases). "While 'a determination that the defendant acted in bad faith would support a finding of willfulness, it is sufficient that the defendant defaulted deliberately.'" Manzanares, 2020 WL 6390162, at *5 (quoting Gucci Am. Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 635 (2d Cir. 1998)).

Respondent argues that the default judgment should be set aside because they were never properly served with the Summons and Petition. However, the affidavit of service filed with the Court states that Respondent was served through its registered agent, the Secretary of State of the State of New York, on September 17, 2021.[1] (DE [9].) "[A] process server's affidavit establishes a prima facie case of the account of the method of service," and, absent any facts to the contrary, it is "presume[d]" that Respondent was "properly served." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2001) (citations omitted).

While Respondent's letter motion states that it "denies having received any service of process," (DE [17] at 1), it has offered no evidence to dispute the veracity of the affidavit of service. Moreover, Petitioners have submitted evidence that Respondent was served with correspondence from Petitioners, as well as requests for discovery throughout this action, at

---

[1] Rule 4(h)(1) of the Federal Rules of Civil Procedure allows service to be effected on a corporation by "delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). "New York law permits service based on delivery of the summons and complaint to the New York Secretary of State as an agent of the corporation." Trustees of the Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) (citing N.Y. Bus. Corp. Law § 306(b)(1)).

5

Respondent's address of record. (DE [20-1]-[20-6].) In addition, the docket sheet herein reflects that Petitioners served Respondent with a copy of this Court's R&R, as well as a copy of the Judgment entered herein, as directed by the Court, at its address of record. (DE [14], [16].) Respondent does not deny that its address of record is its best address for service of process; nor does it "claim any inability to receive mail generally." Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Abalene Decorating, Inc., No. 20-cv-2559, 2021 WL 1393455, at *3 (S.D.N.Y. Apr. 13, 2021). Where a party "fails to explain its inability to check the mail over the entire pendency of [a] litigation," such conduct contributes to a finding of willfulness. Id. at *5.

Based on the foregoing, this Court finds that Respondent's default herein was willful and, as such, respectfully recommends that its motion to vacate the default judgment entered on April 15, 2022 be denied. Where "a default is determined to be willful, that fact alone can justify denying a motion to vacate default judgment." Finkel v. Hall-Mark Elec. Supplies Corp., No. 07 Civ. 2376, 2011 WL 2847407, at *3 (E.D.N.Y. July 13, 2011) (citing Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991)). Because Respondent's actions herein demonstrate such egregious willfulness, the Court need not consider the remaining factors of prejudice and meritorious defense. See Dave's Specialty Imports, Inc. v. Roduce for Less, Inc., No. 19-cv-7136, 2021 WL 1207121, at *2 (E.D.N.Y. Mar. 31, 2021) ("The Court's determination that the default was willful is alone sufficient to support the denial of the motion to vacate, and the Court need not consider the other two factors.") (citing Jaramillo v. Vega, 675 Fed. App'x 76, 76 (2d Cir. 2017) (affirming denial of motion to vacate default judgment where district court only considered willfulness).

6

RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Respondent's motion to vacate the default judgment entered on April 15, 2022 be denied in its entirety.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
       November 2, 2023                            /s/     Anne. Y. Shields
                                                   ANNE Y. SHIELDS
                                                   United States Magistrate Judge